UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DASHANTE SCOTT JONES,
    *Plaintiff*,

v.

WAGNER, et al.,
    *Defendants*.

No. 3:20-cv-00475 (VAB)

**RULING ON MOTIONS**

Dashante Scott Jones ("Plaintiff"), proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 against various employees of Cheshire Correctional Institution ("Cheshire"), where he was formerly incarcerated. *See* Compl., ECF No. 1 (Apr. 3, 2020). Following initial review, the remaining defendants are Officer Wagner, Lieutenant Durant, and Nurse Roderick (collectively, "Defendants"). *See* Initial Review Order, ECF No. 8 (July 24, 2020) ("IRO"). The remaining claims are federal claims for use of excessive force, retaliation, and deliberate indifference to serious medical needs and supplemental state law claims. *See id.*

Defendants have moved to dismiss the Complaint, arguing that Mr. Jones made deliberate false statements in his motion to proceed *in forma pauperis*. *See* Mot. to Dismiss, ECF No. 36 (Feb. 11, 2021); Mem. of L. in Supp. of Mot. to Dismiss, ECF No. 36-1 (Feb. 11, 2021) ("MTD"). Mr. Jones objects to the motion and seeks to correct his motion to proceed *in forma pauperis* by a filing incorrectly captioned as a motion to amend the Complaint. *See* Mot. to Am. Compl., ECF No. 42 (Mar. 1, 2021) ("Opp'n MTD"); *see also* Mot., ECF No. 39 (Feb. 13, 2021).

Mr. Jones also has filed various other motions, including a motion for default entry, *see*

Mot. for Default Entry, ECF No. 26 (Jan. 6, 2021); a motion to appoint counsel, *see* Mot. for Appointment of Counsel, ECF No. 34 (Feb. 8, 2021) ("Mot. Counsel"); three discovery-related motions, *see* Mot. to Compel, ECF No. 35 (Feb. 8, 2021); Mot. for Subpoena, ECF No. 37 (Feb. 11, 2021); Mot. for Order for Video Footage, ECF No. 38 (Feb. 16, 2021); two motions to stay the case, *see* Mot. to Stay, ECF No. 40 (Feb. 13, 2021) ("First Mot. to Stay"); Mot. to Stay, ECF No. 41 (Feb. 24, 2021) ("Second Mot. to Stay"); a motion to impeach defense counsel, *see* Mot. to Impeach Defense Counsel, ECF No. 44 (Mar. 5, 2021) ("Mot. Impeach"); a motion to request oral argument, *see* Mot., ECF No. 45 (Mar. 5, 2021); and a motion to "request an overrule," *see* Mot., ECF No. 46 (Mar. 5, 2021).

For the following reasons, Defendants' motion to dismiss will be **DENIED**;

Mr. Jones's discovery-related motions also will be **DENIED** without prejudice to renewal;

Mr. Jones' motion to amend will be **DENIED,** as he has submitted further argument in opposition to the motion to dismiss and the motion is not a proper motion to amend;

Mr. Jones's motion to appoint counsel will be **DENIED** without prejudice to renewal; and

Mr. Jones's motion for default entry, motion to "request an overrule," motion for oral argument, motion to impeach defense counsel, and motions to stay the case will be **DENIED as moot** in light of this Order.

I.   **STANDARD OF REVIEW**

    a.   **Motion to Dismiss Under 28 U.S.C. § 1915(e)(2)(A)**

Title 28, section 1915(e)(2)(A) provides that "the court shall dismiss the case at any time if the court determines that … the allegation of poverty is untrue…." *Id.* "Section 1915(e)(2)(A)

serves the purpose of preventing abuse of the judicial system by weed[ing] out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth." *Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (alteration in original) (internal quotation marks omitted). The intent of the provision is not to punish litigants whose papers include "inaccuracies, misstatements, or minor misrepresentations made in good faith," but to penalize those who "conceal[] or misrepresent[] [their] financial assets or history in bad faith to obtain *in forma pauperis* status." *Id.*

"[D]eliberate concealment of income" to obtain *in forma pauperis* status is considered bad faith. *Id.* To determine whether a litigant acted in bad faith, the court considers the litigant's "familiarity with the *in forma pauperis* system and [their] history of litigation." *Id.*

### b. Motion to Appoint Counsel

The Second Circuit has cautioned district courts against the routine appointment of counsel, given the limited volunteer attorney resources available. *See, e.g., Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204-06 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997). Before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986) ("[T]he language of the statute itself requires that the indigent be unable to obtain counsel before appointment will even be considered."). The Second Circuit also requires that movant satisfy "the threshold requirement that the [case] have 'some likelihood of merit.'" *Smith v. Fischer*, 803 F.3d 124, 127 (2d Cir. 2015) (quoting *Cooper v. A. Sergenti Co.*, 877 F.2d 170, 172-74 (2d Cir. 1989)).

## II.     DISCUSSION

### a. Motion to Dismiss

Defendants seek dismissal of this action under § 1915(e)(2)(A). *See* MTD. In their motion to dismiss, Defendants submit evidence that Mr. Jones received $4,000.00 in settlement proceeds within the year before he filed this action and note to the Court that, in response to a question on the motion to proceed *in forma pauperis* asking whether he received funds from any other source than the ones specifically listed in the question, Mr. Jones replied only that he had received $20.00, $50.00, and $70.00 from family members but omitted the settlement funds. *Id.* at 1-3 (citing Mot. to Proceed *In Forma Pauperis*, ECF No. 2 at 2 ("IFP Mot.")). As Defendants observe, Mr. Jones's *in forma pauperis* application also stated that the $1,800.00 in settlement proceeds was used to pay child support obligations. *Id.* at 2. Defendants argue that Mr. Jones purposely concealed these funds by ensuring that they were not deposited into his inmate account. *See id.* at 3-4. In Defendants' view, Mr. Jones had sufficient funds to pay the fee when he filed this action but deliberately concealed that fact from the court. *See id.* at 3-5.

In his motion to amend, Mr. Jones seeks to correct his omission and acknowledges that he received $4,000.00. *See* Opp'n MTD. He asks the Court to permit his case to continue. *See id.*

Defendants reply that Mr. Jones has effectively "admitted that he was not honest with th[e] Court when completing" his IFP application, and that it "does not matter if he was still incarcerated or released when he received the funds [because] the form does not ask that question." Def.'s Opp'n to Pl.'s Mot. to Am. Compl., Dkt. #42, ECF No. 43 at 1 (Mar. 2, 2021) ("Defs.' Reply")

In his motions to stay and motion to amend, all filed in response to the motion to dismiss, Mr. Jones states that he did not receive the settlement proceeds until after he was released from

4

custody. *See* Opp'n MTD; First Mot. to Stay, Second Mot. to Stay. Thus, at the time he received the funds, he did not have an inmate account in which the funds could have been deposited. Although Defendants submitted evidence of the date of settlement, *see* MTD at 2 (identifying May 19, 2019, as the relevant date), they do not submit any evidence showing when the funds were actually paid to Mr. Jones, and do not address this issue in their objection to Mr. Jones' motion to amend. *See* Defs.' Reply. Accordingly, Defendants have not sufficiently proven that Mr. Jones has "deliberate[ly] conceal[ed]" this income. *Vann*, 496 F. App'x at 115.

Mr. Jones argues that he did not understand that he was required to report the settlement proceeds because the motion form did not have a question about proceeds from lawsuits. *See* Opp'n MTD; Am. Compl., ECF No. 42-1 (Mar. 1, 2021) ("Am. Compl."). Question six includes six common sources of income: "[e]mployment"; "[r]ent someone paid you"; "[i]nterest on savings"; "[d]ividends on investments"; "[p]ension, annuity, or life insurance"; "[g]ifts or inheritances"; and a catch-all category of "other sources." *See* IFP Mot. at 2.

Mr. Jones' contention that he did not understand that monies received from any source not listed must be included in the other category, however, is disingenuous, as it is unreasonable for Mr. Jones to assume that the motion would, or even could, list every possible source of income. Furthermore, Mr. Jones did report that $1,800.00 from the same settlement was used to pay child support, *see id.* at 3, and does not explain why he reported that sum, but did not report the full settlement amount. Mr. Jones also states that the money, which was received over six months before he filed this action, was spent to repay loans he received for rent and food while he was in the community, implying that he was not required to report money he no longer had. *See, e.g.*, Second Mot. to Stay at 2-3. The *in forma pauperis* motion, however, does not ask only about funds still retained. *See* IFP Mot.

In *Vann*, the Second Circuit affirmed the district court's dismissal of the case with prejudice where the plaintiff submitted a declaration in support of his motion to proceed *in forma pauperis* that was untrue. *See* 496 F. App'x at 115. There, the plaintiff swore in his affidavit that he had received only $30.00 from a family member during the preceding twelve months, intentionally omitting $2,059.10 in deposits, *see id.* at 115-16, even though he was aware that the court would dismiss the case if he gave a false answer, *see id.* at 115. Additionally, in response to the defendants' motion to dismiss, the plaintiff in *Vann* failed to provide a credible explanation to justify the omission. *Id.* at 116. The Second Circuit there held that, regardless of how he spent the money, the plaintiff was required to accurately report his income but failed to do so. *Id.*; *see, e.g., Waters v. King*, No. 11 Civ. 3267, 2012 WL 1889144, at *4 (S.D.N.Y. May 24, 2012) ("Given the totality of the circumstances in this case—including, but not limited to, [the plaintiff's] deliberate attempt to conceal funds to qualify for IFP status in the first instance and his blatantly false statements to the Court when confronted with the omission—dismissal under Section 1915(e)(2)(A) is justified."); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 468-69 (S.D.N.Y. 2004) (dismissing complaint with prejudice where the plaintiff received two settlement checks totaling $13,500, which she directed to be sent to her mother instead of being deposited in her inmate account, and did not report the amounts in her *in forma pauperis* application despite having extensive litigation experience).

Like the plaintiff in *Vann*, Mr. Jones is not a novice litigant: between 2015 and 2019, Mr. Jones filed at least ten federal lawsuits and was granted leave to proceed *in forma pauperis* in each case. *See Jones v. Johnson*, 3:15-cv-01135 (DJS); *Jones v. Waldron*, 3:15-cv-00613 (VAB); *Jones v. Davis*, 3:15-cv-01218 (VAB); *Jones v. Forbes*, 3:16-cv-00014 (VAB); *Jones v. Doe*, 3:18-cv-00629 (VAB); *Jones v. Jones*, 3:18-cv-00693 (VAB); *Jones v. Hubert*, 3:18-cv-00898

(VAB); *Jones v. Morgan*, 3:18-cv-01237 (VAB); *Jones v. Hakins*, 3:19-cv-00221 (VAB); *Jones v. Rodi*, 3:19-cv-01866 (VAB). Mr. Jones therefore has litigation experience and familiarity with the *in forma pauperis* process. But the District of Connecticut *in forma pauperis* form, unlike the form at issue in *Vann*, warned of possible prosecution for perjury, not that Mr. Jones's case could be dismissed if he did not answer all questions accurately and truthfully. *See* IFP Mot. When confronted with the false statements, Mr. Jones sought to correct his motion and stated, by way of explanation, that he did not finish school, is mentally disabled, and routinely makes mistakes. *See* Opp'n MTD; First Mot. to Stay; Second Mot. to Stay. While the Court does not approve of Mr. Jones' actions in failing to report all the settlement proceeds, given the totality of the circumstances here, including Mr. Jones' alleged mental illness, dismissal with prejudice is not warranted under *Vann*.

Moreover, unlike other cases in which courts have grant dismissal on the basis of misrepresentations of poverty, Mr. Jones has not deliberately spent his inmate account balance through, for example, commissary purchases before moving to proceed *in forma pauperis*. *See, e.g., Briand v. State of Fla.*, No. 4:06-cv-104-WS, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006) ("If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of time and effort." ). To the contrary, Mr. Jones had been living in the community and had legitimate expenses for food, clothing, and shelter, *see* Am. Compl. ¶¶ 1-10, and Mr. Jones received the funds over six months before filing this action, *see id*. Additionally, Defendants have not shown that Mr. Jones had any of the settlement proceeds left at the time he filed this action to support their contention that he had sufficient funds to pay the filing fee at the time of filing but deliberately concealed that information from the Court.

Finally, this action, filed in April 2020, concerns an incident occurring in January 2018, *see* Compl., but Defendants did not file their motion to dismiss until February 2021, *see* MTD, over six months after entry of the Initial Review Order and immediately after the limitations period expired, *see* IRO. Therefore, if the Court were to dismiss the case without prejudice, Mr. Jones would be unable to refile the case with a corrected motion to proceed *in forma pauperis*.

Accordingly, Defendants' motion to dismiss will be denied.

### b. Motion to Appoint Counsel

As to Mr. Jones's motion to appoint counsel, the Court must first assess whether Mr. Jones has satisfied the "the threshold requirement that the [case] have some likelihood of merit." *Smith*, 803 F.3d at 127 (internal quotation marks omitted). Beyond Defendants' motion to dismiss on § 1915 grounds, and Mr. Jones's various motions, the record currently consists only of the Complaint, as no substantive responses to Mr. Jones's allegations have been filed.

Accordingly, the Court cannot at this time assess the likely merit of Mr. Jones's claims.

As to whether Mr. Jones has demonstrated his ability to afford or procure counsel, he has provided no evidence in his motion to appoint counsel as to either his current financial status or any efforts undertaken to obtain representation. *See* Mot. Counsel. Absent such information, the Court cannot determine whether Mr. Jones can obtain legal assistance on his own.

Accordingly, Mr. Jones's motion for appointment of counsel will be denied without prejudice to renewal.

### c. Motions for Discovery

Mr. Jones also has filed three discovery-related motions, including a motion to compel discovery, *see* ECF No. 35, a motion for a subpoena, *see* ECF No. 37, and a motion for video footage, *see* ECF No. 38.

Under the terms of the Court's Initial Review Order, "[d]iscovery requests need not be filed with the [C]ourt." IRO at 15. Additionally, the Court's Chamber Practices make clear that "[m]otions to resolve discovery disputes cannot be filed unless first discussed" with the Court, and "[t]o initiate the Court's involvement, parties should file a joint motion for a discovery conference." Pretrial Preferences, https://www.ctd.uscourts.gov/content/victor-bolden (last visited Apr. 13, 2021).

The Court therefore will deny without prejudice to renewal Mr. Jones's discovery-related motions. Mr. Jones may request such discovery from defense counsel as provided by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1) (Information is discoverable "if it is relevant to any party's claim or defense and proportional to the needs of the case.").

### III.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **DENIED**;

Mr. Jones's discovery-related motions also are **DENIED** without prejudice to renewal;

Mr. Jones' motion to amend is **DENIED,** as he has submitted further argument in opposition to the motion to dismiss and the motion is not a proper motion to amend;

Mr. Jones's motion to appoint counsel is **DENIED** without prejudice to renewal; and

Mr. Jones's motion for default entry, motion to "request an overrule," motion for oral argument, motion to impeach defense counsel,[1] and motions to stay the case are **DENIED as moot**.

---

[1] Mr. Jones alleges that counsel for Defendants "kn[ew] [he was] discharged before receiving [the settlement] check" and therefore counsel committed "libel" in Defendants' motion to dismiss. *See* Mot. Impeach at 1. Mr. Jones, however, provides no evidence in support of these allegations, nor sets forth any support for his contention that defense counsel, in making this argument, committed either an illegal or impeachable offense. In any event, given the Court's denial of Defendants' motion to dismiss the Complaint on these grounds, the Court finds this motion to be moot.

Defendants are directed to file an Answer to Mr. Jones's Complaint by **May 7, 2021**.

**SO ORDERED** this 16th day of April, 2021 at Bridgeport, Connecticut.

                                         /s/ Victor A. Bolden
                                           Victor A. Bolden
                                           United States District Judge