# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| DASHATE SCOTT JONES, | : | |
| *Plaintiff*, | : | |
| | : | Civil No. 3:20-cv-475 (VAB) |
| v. | : | |
| | : | |
| WAGNER, et al., | : | |
| *Defendants*. | : | |

## RULING AND ORDER

This action concerns incidents that occurred at Cheshire Correctional Institution.

In July 2021, Dashante Scott Jones (the "Plaintiff"), filed a motion seeking preliminary injunctive relief relating to incidents that occurred at Walker Correctional Institution. *See* ECF No. 55 (July 21, 2021) ("Pl. Mot."). The Court denied the motion and informed Mr. Jones that it could not issue injunctive relief against persons who are not defendants or the employees or agents of defendants. *See* Order, ECF No. 69 (Dec. 29, 2021). The following day, Mr. Jones filed a document entitled "for the motion to give notice to the courts for needed help." *See* Notice, ECF No. 75 (Dec. 30, 2021). In an abundance of caution, the Court directed the Defendants to respond to this notice. *See* Order, ECF No. 78 (Jan. 4, 2022).

Mr. Jones states generally that he "suffers from major health issues do [*sic*] to medical neglects [*sic*] and staff abuses, brutality's [*sic*] and or retaliations related to this case herein and some not related to this case and it is getting in the way of plaintiff's litigations [*sic*]."  *See* Pl. Mot. at 1. Mr. Jones lists ten issues or concerns: (1) he is not getting proper pain medication and breathing treatments, (2) he was sent to the hospital from Walker Correctional Institution with blood gushing from his head, (3) he was pepper-sprayed and dragged down metal stairs, (4) he uses a walker and sometimes a wheelchair, (5) a person who is a defendant in another of his

cases is retaliating against him at Garner Correctional Institution, (6) he was in segregation without all his legal work and property and lockdowns prevent him from meeting his legal and medical needs, (7) he is not provided a handicap shower or cell in segregation or his breathing machine, (8) he is required to use a pen with blue ink instead of black, (9) his personal information is on the door thereby exposing his personal information to other prisoners, and (10) while at Walker Correctional Institution, notices of electronic filing from his case were mistakenly given to another prisoner and other prisoners have threatened to file documents in his case in his name. *Id.* at 1–2.

The Court has previously informed Mr. Jones that he cannot seek relief in this case for issues not related to the claims and defendants in this case. *See* Order, ECF No. 69 (Dec. 29, 2021). Thus, his claims, all of which relate to incidents that occurred while he was confined at Walker Correctional Institution and during his current confinement at Garner Correctional Institution, are not properly brought in this case. *See Lapierre v. Lavalley*, No. 9:15-CV-1499 (MAD) (DJS), 2016 WL 4442799, at *3 (N.D.N.Y. Aug. 23, 2016) (denying injunctive relief where "plaintiff has now been transferred to [Bare Hill C.F.]" because "[t]o the extent that plaintiff seeks injunctive relief against correctional officers at Bare Hill C.F. – who are not defendants in this action – injunctive relief is available against non-parties only under very limited circumstances, none of which are present here"); *Oliphant v. Villano*, No. 3:09-CV-862 (JBA), 2010 WL 5069879, at *2 (D. Conn. Dec. 3, 2010) (denying preliminary injunction where "[n]one of the prison staff or psychiatrists mentioned in the motion for preliminary injunction and temporary restraining order are defendants in this action"); *see also In re Rationis Entm't Inc. of Pan.*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

2

Further, as discussed below, there is no factual basis for his claims that these issues impact his ability to litigate this case. *See Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405–06 (2d Cir. 2011) (stating that, to show entitlement to a preliminary injunction, the moving party must demonstrate (a) that he or she will suffer "irreparable harm" in the absence of an injunction, and (b) either (1) a "likelihood of success on the merits or (2) sufficiently serious questions going to the merits [of the case] to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief" (internal quotation marks and citation omitted)).

*Pain Medication and Breathing Issues*

Mr. Jones contends that he is not receiving proper pain medication. Pl. Mot. at 1–2. In response, Defendants have submitted Mr. Jones' recent medical records. *See* Ex. A to Def.'s Resp. to Pl.'s Mot. to Give Notice to the Courts with Needed Help, ECF No. 83 (Jan. 10, 2022) ("Ex. A") (filed under seal). The medical records show that Mr. Jones has consistently been prescribed acetaminophen to address his pain. *Id.* at 1–5. Mr. Jones does not identify any other medication he has been prescribed but has not received. Thus, there is no factual basis for his claim that he is not receiving pain medication. The medical records also indicate that, upon his arrival at Garner, Mr. Jones denied using any medication. *Id.* at 12.  To the extent that Mr. Jones claims that he was denied medication for a time in early December 2021, the medical records indicate that he received medication in that period. *Id.* at 4–5.

Mr. Jones also states that he suffers from asthma and sleep apnea and requires a breathing machine. Pl. Mot. at 1–2. He contends that he almost died for lack of the machine and posits that he will not live long enough to litigate this case without it. *Id.* at 1. The medical records confirm that Mr. Jones suffers from asthma and that he receives asthma medication. Ex. A at 6. Although

3

Mr. Jones states that he has been diagnosed with sleep apnea, *id.*, and he was referred to UConn for a sleep study in December 2021, *id.* at 25, his medical records show only that he was diagnosed with snoring, *id.* at 6–9. His records do not state that he was diagnosed with sleep apnea.

Although the medical records note that Mr. Jones was prescribed an assistive device, designated as "other", the device is not identified and there is no specific reference to a breathing machine. *Id.* at 7.

Accordingly, as Mr. Jones provides no evidence showing that he was prescribed and denied use of a breathing machine, there is no factual basis for relief on this claim.

*Excessive Force*

Mr. Jones states that he was sprayed with a chemical agent and dragged down metal stairs. Pl. Mot at 1–2. Mr. Jones does not indicate when or where this occurred or that any defendant was involved.

The defendants have identified and provided incident reports for two uses of force, one at Walker Correctional Institution in September 2021, the other at Garner Correctional Institution in December 2021. ECF No. 83 at 26, 35–36. A chemical agent was deployed in September, and the records show that Mr. Jones was successfully treated for shortness of breath immediately following the use of force. *Id* at 26. In December, a chemical agent was deployed and Mr. Jones was evaluated thereafter for shortness of breath. *See id.* at 35–36. Upon physical examination, Mr. Jones did not reveal any labored breath. *Id.* at 36. Neither incident occurred at Cheshire Correctional Institution or involved any defendant in this case.

Accordingly, there is no factual basis to award any relief in this case based on the allegations of excessive force.

4

*Retaliation*

Mr. Jones alleges that, on December 27, 2021, Rodi, a defendant in another of his cases, told her co-worker, Ms. Cefaratti, not to speak to him and to issue him a disciplinary report because he was suing Rodi. As a result, Mr. Jones alleged that he was "doing segregation time on the back wall" at the time he filed the notice. Pl. Mot. at 2. In response, Defendants have provided Ms. Cefaratti's treatment note stating that she issued Mr. Jones a disciplinary report on December 27, 2021 for public indecency. Ex. A at 30.

Accordingly, there is no factual basis for Mr. Jones' allegation of retaliation.

*Segregation Issues*

Mr. Jones includes several statements concerning confinement in segregation. Pl. Mot. at 2. He contends that he was denied all his legal work and property and states that he cannot meet his legal and medical needs when the unit is on lockdown. *Id.* He allegedly was given a pen with blue ink even though he requested black ink. *Id.* In segregation, Mr. Jones allegedly does not have a handicap cell or shower. *Id.* Also, his personal information allegedly is posted on his cell door for other prisoners to see. *Id.*

The defendants note that Mr. Jones has provided no information suggesting that he is authorized to have a handicap cell or shower and identifies no motions he has been unable to file without all his legal work. Absent evidence that his confinement affects his ability to prosecute this action, a court order is not warranted. In addition, the Court can discern no viable legal claim from being provided a pen with blue ink, rather than black ink.

Finally, Mr. Jones states generally that his personal information is posted on his cell door. He does not identify this information or allege any facts suggesting that having his personal information on the cell door affects his ability to prosecute this case. Again, court action is not

warranted.

Accordingly, none of these alleged actions warrant the provision of preliminary injunctive relief.

*Case Information*

Mr. Jones states that notices of electronic filing sent to him were mistakenly given to another inmate. *Id.* at 2. Other inmates allegedly have threatened to file documents in this case in his name or send letters to the court. *Id.* To date, nothing has been filed in this case under Mr. Jones' name that is not in his distinctive handwriting. The Court is now aware of Mr. Jones' concerns. Further, notices of electronic filing are sent to Mr. Jones whenever a document is filed in this case. Thus, he will be aware of any document filed in his name but not by him and can so inform the court.

For the reasons explained above, any relief sought in Mr. Jones' notice, *see* Pl. Mot., is **DENIED**. If Mr. Jones seeks to pursue any of these issues further, he must do so by filing a new case against the appropriately alleged defendants.

**SO ORDERED** this 28th day of January 2022 at Bridgeport, Connecticut.

       /s/ Victor A. Bolden
 Victor A. Bolden
 United States District Judge